# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
Filed: February 11, 2013

```
* * * * * * * * * * * * *
DREW MCLAUGHLIN,                    *       UNPUBLISHED
                                    *
            Petitioner,             *       No. 08-662V
                                    *
v.                                  *       Special Master Dorsey
                                    *
SECRETARY OF HEALTH                 *       Attorneys' Fees and Costs;
AND HUMAN SERVICES,                 *       Reasonable Amount Requested to which
                                    *       Respondent Does not Object.
            Respondent.             *
                                    *
* * * * * * * * * * * * *
```

Ronald Craig Homer, Conway, Homer & Chin-Caplan, PC, Boston, MA, for petitioner.
Ann Donohue Martin, U.S. Dep't of Justice, Washington, DC, for respondent.

### ATTORNEYS' FEES AND COSTS DECISION[1]

On September 18, 2008, Drew McLaughlin (petitioner) filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that he suffered from brachial neuritis as a result of a tetanus-diphtheria vaccination he received on September 22, 2007. Amended Petition (Am. Pet.) at 1. Petitioner alleged that he experienced the residual effects of his injuries for more than six months. Am. Pet. at 14. On August 24, 2012, the special master then assigned to the case issued a decision awarding compensation to petitioner. Decision, August 24, 2012.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) ("Vaccine Act" or "Act"). All citations in this decision to individual sections of the Act are to 42 U.S.C.A. § 300aa.

On January 30, 2013, petitioner filed a Motion for Attorneys' Fees and Costs requesting $52,452.30, in attorneys' fees and $17,924.90 in costs. The motion states that petitioner's costs totaled $314.26. On February 11, 2013, respondent contacted the court stating that respondent did not intend to file any opposition to petitioner's motion for attorneys' fees and costs. In accordance with General Order #9, petitioner filed a statement stating that he incurred $314.26, in out-of-pocket expenses in pursuing his petition.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request and respondent's counsel's lack of objection to petitioner's counsel's fee request, the undersigned **GRANTS** petitioner's motion for approval and payment of attorneys' fees and costs. **Accordingly, an award should be made in the form of a check payable jointly to petitioner and the law firm of Conway, Homer & Chin-Caplan, PC, in the amount of $70,377.20, and a check made payable to petitioner only in the amount of $314.26.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

      **IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.